UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| In re: ] | |
| ] | |
| 507 14th ST, NE, LLC, ] | Case No. 14-00696 |
| ] | (Chapter 11) |
| Debtor. ] | |

### MOTION TO SELL PROPERTY FREE AND CLEAR

TO THE HONORABLE S. MARTIN TEEL, JR., U.S. BANKRUPTCY JUDGE:

COMES NOW 507 14th ST, NE, LLC ("Debtor"), by and through its undersigned attorneys, and as its Motion to Sell Property Free and Clear ("Motion"), respectfully represents as follows:

1. This case was commenced on December 1, 2014, when the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §101, *et seq*. ("Bankruptcy Code"). The Debtor serves as debtor in possession, and is authorized to conduct its affairs in the ordinary course, under §§1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this case.

2. The sole asset of the Debtor is a real estate project, with a street address of 507 14th Street, NE, Washington, DC ("Project"). The Project consists of a single-family stand-alone residence, acquired by the Debtor for the purpose of renovating and rehabilitating the Project, and then selling the improved/renovated Project for a profit. The Project is incomplete, and,

1

while the work performed at the Project has been a high quality, the Project is not salable as a completed, fully renovated or rehabilitated residence. The project must be sold in an "as is" condition.

3. The Debtor is indebted to one or more first priority secured creditors in the cumulative amount of $260,000.00 plus unpaid interest, costs and fees recoverable under the loan documents establishing the existing and amount of said debt. The Debtor believes, but is not certain, that the cumulative claim exceeds $400,000.00.

4. There are other subordinate claims against the Project that may or may not be secured by mortgages or deeds of trust. This includes the allegedly secured claim of Teresa Martinez and entities in which she holds an interest ("Martinez"), whose claims may exceed an additional $300,000.00. There is also a claim held in the name of the successor in interest to Mr. James Hash, the exact amount of which is unknown and subject to dispute.

5. Martinez made an offer to purchase the Project for the sum of $525,000.00. The offer from Martinez is for an all-cash, no contingency closing. A copy of the contract submitted by Martinez for the purchase of the Project is attached hereto as an exhibit, and incorporated herein by reference.

6. The offer from Martinez contemplates the sale of the Project free and clear of all liens, claims and encumbrances, with any and all such liens, claims and encumbrances to attach to the proceeds of sale in the same order of priority, and the same degree of validity and enforceability, as existed prior to the commencement of the instant bankruptcy case, except for those paid at closing.

7. If approved and consummated, the sale to Martinez under the terms set forth in the attached contract would be sufficient to pay all closing costs, any applicable transfer and recordation costs, and the secured claim of the first priority secured creditors, all in cash at closing, absent any objection to such claims.

8. Because the Debtor was able to negotiate the offer with Martinez without the necessity of retaining a real estate broker, no real estate broker's commission is payable in connection with the proposed sale to Martinez.

9. Pursuant to applicable law, and the terms of the offer submitted by Martinez, Martinez will be permitted to credit bid with respect to her subordinate secured claim.

10. Pursuant to the terms of the offer submitted by Martinez, certain bid procedures must be established with respect to any prospective competing offers to purchase the Project. These bid procedures are set forth in the attached exhibit, and are subject to approval by the Bankruptcy Court prior to the hearing on approval of the sale of the Project to Martinez, if any becomes necessary. Under the totality of circumstances, the bid procedures appear to be reasonable, and specifically exclude any "break-up fee."

11. A sale free and clear of liens, claims and encumbrances is authorized pursuant to 11 U.S.C. §363(f), and is in the best interests of the Debtor, the estate, and other interested parties including the creditors.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order:

1. Granting this Motion;

2. Approving the sale of the Project to Martinez on the terms and conditions set forth in the attached exhibit; and

3. Granting to the Debtor such other and further relief as is just and proper.

Dated:  February 23, 2015                         Respectfully submitted,

                       */S/ Jeffrey M. Sherman*
Jeffrey M. Sherman, DC Bar No. 348896
LAW OFFICES OF JEFFREY M. SHERMAN
1600 N. Oak Street #1826
Arlington, VA 22209
(703) 855-7394
jeffreymsherman@gmail.com
Attorneys for the Debtor

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was served on February 23, 2015, by first class mail and by electronic means, on the following:

U.S. Trustee's Office
115 South Union Street
Suite 210
Alexandria, VA 22314

John Burns, Esq.
THE BURNS LAW FIRM
6303 Ivy Lane, Suite 102
Greenbelt, MD 20770

Marc E. Albert, Esq.
STINSON LEONARD STREET LLP
1775 Pennsylvania Avenue NW
Suite 800
Washington, DC 20006-4605
marc.albert@stinsonleonard.com

                                              */S/ Jeffrey M. Sherman*
                                              Jeffrey M. Sherman